RECEIVED
IN LAKE CHARLES, LA
JAN 19 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CR 00283-02 |
| VS. | : | JUDGE MINALDI |
| MARK SHORTEN a/k/a Alan Parsons, A. J. Parsons, "Bull" | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are objections to the Presentence Report ("PSR") filed by both the Government and the defendant, Mark Shorten.

The government filed an objection to the original PSR, asserting that the Shortens should be assessed with an additional two points for obstruction of justice. The defendant objected and argues that this two point enhancement is not warranted. Probation agreed with the government and amended the PSR to include a two level enhancement for obstruction of justice.

When Mark Shorten and his wife, Sherrie, were indicted on September of 2010, the government did not know that Alan Parsons and Mark Shorten were one in the same. Sherrie Shorten was not forthcoming with this information. Mark Shorten, knowing that he had been indicted, did not turn himself in or reveal his true identity. Mark Shorten was finally arrested on March 21, 2011.

Before he was arrested, Mark Shorten called the Marshal's service inquiring about Alan Parsons, never explaining that he was, in fact, also known as Mark Parsons. When Sherrie Shorten was interviewed by the marshals in January 27, 2011, she indicated that she had moved from

Sulphur, Louisiana, in an attempt to flee from Alan Parsons and she indicated that he was probably in Florida. The entire time, she remained in contact with Mark Shorten. The marshals did not realize until March, 2011, that Mark Shorten and Alan Parsons were the same person.

The facts demonstrate the Mark Shorten, and his wife Sherrie, both obstructed justice by knowingly and intentionally failing to disclose the true identity of Mark Shorten. Sherrie Shorten made materially false statements in an effort to mislead officials. The two level enhancement is warranted. Accordingly, the government's objection is SUSTAINED and the defendant's objection to this enhancement is OVERRULED. The total offense level is 15, with a criminal history category of I, and a guideline range of 18 to 24 months.

Mark Shorten also objects to the total amount of the monetary loss included in ¶ 15, p. 3 of the PSR. This objection has no impact on the guidelines calculations and therefore does not require a ruling by the court.

In his latest set of objections, filed by his new attorney, Shorten objects to the specific offense characteristics set forth in ¶28 of the PSR. The government responded to this objection and asserts that Probation is correct in its calculation. After reviewing the arguments of both parties, the defendant's objection is DENIED. The total disbursement by the SBA was $126,300.00. That is the amount of loss contained in the plea agreement. Any work done on the victims' residence was done in furtherance of the scheme to defraud. The questionable amount of work done did not make the residence habitable and will not be used to mitigate the amount of restitution owed to the SBA.

Lake Charles, Louisiana, this 19 day of January, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE